O’NIELL, C. J.
 

 Appellant was prosecuted for the crime of rape, was convicted of assault with intent to commit rape, and was sentenced to imprisonment in the penitentiary for a term not less than 10 nor more than 15 years.
 

 Of the several complaints made in the hills of exception, only two are well founded. They may he dealt with as one complaint.
 

 The prosecuting witness was a girl about 13 years of age. She did not report the alleged outrage, or complain to any one, until 3 months after the date when it is said to have been committed. Then she complained to her mother, who reported the matter to her husband, the girl’s father; and he made affidavit before a justice of the peace accusing this defendant of an assault upon the girl — not an assault with intent to - commit rape or any other crime, but merely an assault. On the trial of the case, under the indictment for rape, the attorneys for the defendant objected to the girl’s mother’s testifying to the alleged
 
 complaint,
 
 on the ground that it was made too late to be regarded as an
 
 outcry,
 
 or as evidence of rape. The objection was overruled on the ground that it appertained not to the question of admissibility, but to the effect of the evidence. A ( bill of exceptions was reserved to the ruling. In his charge to the jury, the judge said, in defining the crime of rape, that sodomy was a generic crime, and that the rule with regard to proof of a complaint was the same in a prosecution for rape as in a prosecution for sodomy. The judge then read to the jury an excerpt from the decision in State v. Vicnair, 52 La. Ann. 1921, 28 So. 273, saying, in the case of sodomy, that where the accused was a man of mature age and the prosecuting witness was a boy between 14 and 15 years of age, the delay-in bringing the charge was not unreasonable, where the crime was committed in December and the complaint was made in August. The attorneys for the defendant reserved a bill of exceptions to that part of the judge’s charge which compared the crime of rape with the crime of sodomy in regard to proof of a complaint, and to that part of the charge which, in substance, instructed the jury that the complaint which the girl had made to her mother, in this case, 3 months after the alleged crime, was not made too late to serve as evidence of rape.
 

 Our opinion is that the rulings were wrong. The ruling that the objection to the proof of the girl’s complaint to her mother went to the effect rather than to the admissibility of the evidence was not so serious as was the judge’s charge to the jury on the subject. In the crime of sodomy, a lack of consent on the part of the person upon whom the crime is committed is not essential, as it is in rape. Therefore a complaint on the part of a person on whom the crime of sodomy has been committed is not a matter of so much importance as it is in the case of rape. A sense of .guilt and shame might well deter a victim of sodomy from making a complaint. But it is not so in the case of rape. The judge’s instruction to the jury was not only an incorrect statement of the law on the subject; it was, substantially, an.
 
 *559
 
 instruction upon tlie effect to be given' to the evidence of the girl’s complaint to her mother.
 

 The verdict and sentence are annulled, and the case is ordered remanded to the district court for a new trial.
 

 LAND, ROGERS, and BRUNOT, JJ., dissent.